UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

CAROL S. WILSON                                )
(Social Security No. XXX-XX-2676),             )
                                               )
                          Plaintiff,           )
                                               )
            v.                                 )          3:11-cv-71-RLY-WGH
                                               )
MICHAEL J. ASTRUE, Commissioner                )
of the Social Security Administration,         )
                                               )
                          Defendant.           )

## ENTRY ON JUDICIAL REVIEW

**I.  Background**

Carol S. Wilson, seeks judicial review of the final decision of the Commissioner of

Social Security ("Commissioner"), which found her not disabled and, therefore, not

entitled to Disability Insurance Benefits ("DIB") under the Social Security Act ("the

Act").  42 U.S.C. §§ 416(i), 423(d); 20 C.F.R. § 404.1520(f).  The court has jurisdiction

over this action pursuant to 42 U.S.C. § 405(g).

Wilson filed an application for DIB on October 17, 2007, alleging that she became

disabled on December 25, 2005.  (R. 111-13).  The agency denied her application both

initially and upon reconsideration.  (R. 76-79, 81-83).  On April 9, 2009, an

Administrative Law Judge ("ALJ") held a hearing during which Wilson, who was

represented by counsel, and a vocational expert testified.  (R. 36-73).  On May 28, 2009,

the ALJ issued her opinion finding that Wilson was not disabled because she retained the residual functional capacity ("RFC") to perform a significant number of jobs in the regional economy.  (R. 17-25).  The Appeals Council denied her request for review, leaving the ALJ's decision as the final decision of the Commissioner.  (R. 1-3).  20 C.F.R. §§ 404.955(a), 404.981.  Wilson then filed a Complaint on June 8, 2011, seeking judicial review of the ALJ's decision.

Wilson was 52 years old when the ALJ rendered her decision.  She has a high school education, and no past relevant work.  (R. 24).

## II.  Legal Standards

An ALJ's findings are conclusive if they are supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.E.2d 842 (1971); see also *Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997).  This standard of review recognizes that it is the Commissioner's duty to weigh the evidence, resolve material conflicts, make independent findings of fact, and decide questions of credibility.  *Richardson*, 402 U.S. at 399-400.  Accordingly, this court may not re-evaluate the facts, weigh the evidence anew, or substitute its judgment for that of the Commissioner.  *See Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999).  Thus, even if reasonable minds could disagree about whether or not an individual was "disabled," the court must still affirm the ALJ's decision denying benefits.  *Schmidt v. Apfel,* 201 F.3d 970, 972 (7th Cir. 2000).

2

In order to qualify for disability benefits under the Act, Plaintiff must establish that she suffers from a "disability," as defined by the Act.  "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A).  The Social Security regulations set out a sequential five-step test the ALJ is to perform in order to determine whether a claimant is disabled.  *See* 20 C.F.R. § 404.1520.  The ALJ must consider whether the claimant:  (1) is presently employed; (2) has a severe impairment or combination of impairments; (3) has an impairment that meets or equals an impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) is unable to perform her past relevant work; and (5) is unable to perform any other work existing in significant numbers in the national economy.  *Id.*  The burden of proof is on Plaintiff during steps one through four, and only after Plaintiff has reached step five does the burden shift to the Commissioner.  *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

### III.  The ALJ's Decision

The ALJ's decision included the following findings:  (1) Wilson met the insured status for DIB through June 30, 2010 (R. 19); (2) Wilson had not engaged in substantial gainful activity since the alleged onset date (R. 19); (3) in accordance with 20 C.F.R. § 404.1520, Wilson had three impairments that are classified as severe:  chronic active autoimmune hepatitis with cirrhosis of the liver; osteoarthritis of the knees; and obesity

3

(R. 19); (4) these impairments did not meet or substantially equal any of the impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. 21); (5) Wilson's allegations regarding the extent of her limitations were not fully credible (R. 22-23); (6) Wilson retained the RFC for light work with the need to shift from sitting or standing for a minute or two after maintaining a position for 30 or 35 minutes; can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; can never climb ladders, ropes, or scaffolds; and must avoid even moderate exposure to hazards such as unprotected heights (R. 21-22); and (7) Wilson has no past relevant work (R. 24); however, she retained the RFC to perform a significant number of jobs in the regional economy (R. 24).  The ALJ concluded by finding that Wilson was not under a disability.  (R. 25).

**IV.  Issues**

The court has examined Plaintiff's brief and concludes that Plaintiff has essentially raised three issues:

1.  Whether the ALJ should have found Wilson's depression to be severe.

2.  Whether the ALJ failed to consider the combination of all of Wilson's impairments.

3.  Whether the ALJ's credibility determination was patently wrong.

**Issue 1:  Whether the ALJ should have found Plaintiff's depression to be severe.**

Wilson's first argument is that the ALJ committed error at step two of the five-step sequential evaluation process by finding that Wilson's depression was not a severe impairment.  As discussed above, 20 C.F.R. § 404.1520 provides a five-step evaluation

process.  Step two of that process involves determining if an individual has a severe

impairment.  Step two is simply an initial screening device to eliminate consideration of

individuals who have only slight impairments.  *Taylor v. Schweiker*, 739 F.2d 1240, 1243

n.2 (7th Cir. 1984).  As then District Judge David Hamilton has explained:

> As long as the ALJ proceeds beyond step two, as in this case, no reversible
> error could result solely from his failure to label a single impairment as
> 'severe.'  The ALJ's classification of an impairment as 'severe' or 'not
> severe' is largely irrelevant past step two.  What matters is that the ALJ
> considers the impact of all of the claimant's impairments – 'severe' and 'not
> severe' – on her ability to work.

*Gordon v. Astrue*, 2007 WL 4150328 at *7 (S.D. Ind. 2007).

In this instance, the ALJ conducted a very thorough analysis of Wilson's mental

impairments and found that Wilson's combination of mental impairments, including

depression and anxiety, were not severe at step two because they caused no more than a

minimal impact on Wilson's ability to do work-related activities.  (R. 20-21).[1]  The ALJ

then proceeded beyond step two and incorporated all of the limitations that the medical

evidence supported into Wilson's RFC.  The ALJ reasonably concluded that Wilson's

mental impairments did not cause any additional limitations beyond those caused by

Wilson's severe impairments.  Therefore, the ALJ's decision finding Wilson's depression

to be a non-severe impairment was not an error that requires remand.[2]

---

[1]The ALJ's discussion of Wilson's mental impairments clearly indicates that it was not
only a step-two determination, but that the findings applied to step three as well.  (R. 21).

[2]Wilson also alleges that the ALJ committed error at step two by failing to properly
address the opinion of Severin Wellinghoff, Ph.D., who saw Wilson on May 5, 2009, for a
psychological evaluation.  (R. 369).  Dr. Wellinghoff's assessment was major depression,

**Issue 2:  Whether the ALJ failed to consider the combination of all of Plaintiff's impairments.**

Wilson also argues that the ALJ failed to take into consideration the combination of all of Wilson's impairments, both severe and non-severe, in formulating a residual functional capacity.  Specifically, Wilson alleges that the ALJ failed to consider her obesity and her depression.  However, the ALJ did specifically indicate that she considered Wilson's obesity.  (R. 23).  While there are references in the medical records of Wilson being obese, no doctor in the record ever opined that Wilson's obesity caused any additional functional limitations beyond those limitations caused by Wilson's other severe impairments.  As for Wilson's depression, at least one doctor examining Wilson and two doctors that reviewed the medical records concluded that Wilson had no limitations from any mental impairment.  The ALJ's decision to give great weight to these opinions is supported by substantial evidence, and the ALJ was, therefore, not obligated to consider any additional limitations caused by Wilson's depression.  Because the ALJ indicated that she considered all of Wilson's impairments, including obesity, in formulating Wilson's RFC, and because there is substantial evidence in the record that Wilson's obesity and depression did not cause any limitations beyond those found by the

_____

recurrent, moderate to severe.  (R. 369).  The ALJ reviewed Dr. Wellinghoff's report and concluded that nothing in the report changed the ALJ's conclusion that Wilson's mental impairments were not severe.  (R. 20).  The ALJ's evaluation of Dr. Wellinghoff's report was not improper.  Dr. Wellinghoff did not provide an assessment of how a diagnosis of "major depression, recurrent, moderate to severe" affected Wilson's RFC.  Furthermore, there was substantial evidence in the record that Wilson did not suffer from a severe mental impairment, including the opinions of two state agency psychologists and a mental status exam by Albert H. Fink, Ph.D.  Consequently, the ALJ was free to reject the opinion of Dr. Wellinghoff.

ALJ, the ALJ's decision must be affirmed.

**Issue 3:  Whether the ALJ's credibility determination was patently wrong.**

Finally, Wilson finds fault in the ALJ's credibility determination.  Wilson testified at her administrative hearing that she was unsteady on her feet, that she suffered from pain and difficulty ambulating because of arthritis in her knees, and that she had low stamina and fell asleep often.  The ALJ determined that Wilson was not fully credible.

An ALJ's credibility determination will not be overturned unless it is "patently wrong," because the ALJ "is in the best position to determine a witness's truthfulness and forthrightness."  *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004).  The court may, however, override the great deference usually afforded an ALJ if the credibility determination includes "errors of fact or logic."  *Allord v. Barnhart*, 455 F. 3d 818, 821 (7th Cir. 2006).

In this instance, the ALJ conducted a thorough credibility determination in accordance with SSR 96-7p and 20 C.F.R. § 404.1529.  (R. 22-23).  While Wilson alleges that the ALJ relied too heavily on Wilson's activities of daily living in making a credibility determination, the record reflects that this was not the case.  The ALJ did rely on Wilson's ability to "carry out most of her daily activities" as one factor in finding Wilson not fully credible.  (R. 22).  However, the ALJ also referred to medical records that indicated that Wilson's hepatitis and cirrhosis were stable on medication.  (R. 22).  Additionally, the ALJ noted that Wilson's complaints were inconsistent with the opinions of two state agency physicians, the findings of consultative examiner Anne Butsch, M.D.,

and also records from Wilson's treating physicians, Gary Erdy, M.D., and Bruce W. Schneider, M.D.  (R. 23-24).  Therefore, contrary to Wilson's claims, the ALJ's credibility determination did not rely too heavily on Wilson's activities of daily living and certainly was not patently wrong.

**V.  Conclusion**

The ALJ did not err at step two of the five-step sequential evaluation process when she concluded that Wilson's depression was not a severe impairment.  The ALJ also did not improperly fail to take into consideration the combination of all of Wilson's impairments, including obesity and depression, in formulating Wilson's RFC.  Finally, the ALJ's credibility determination was not patently wrong.  The final decision of the Commissioner is, therefore, **AFFIRMED.**  Judgment consistent with this entry shall now issue.

**SO ORDERED** the 1st day of August 2012.

RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

8

Electronic Copies to:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Lane C. Siesky
SIESKY LAW FIRM, PC
lane@sieskylaw.com